

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

IN THE UNITED STATES DISTRICT COURT, ARKANSAS **MAY 2 1 2004**
EASTERN DISTRICT OF ARKANSAS  JAMES W. McCORMACK, CLERK
LITTLE ROCK DIVISION  By:_____
DEP CLERK

DONALD WEEMS, MICHAEL BRIGGS                              PLAINTIFFS
and TONY ALLEN LAMPKIN

v.                          CASE NO. 4-04-CV-00514

LITTLE ROCK POLICE DEPARTMENT,                          DEFENDANTS
LAWRENCE JOHNSON, IN HIS OFFICIAL
CAPACITY AS CHIEF OF POLICE,
LITTLE ROCK POLICE DEPARTMENT,
PINE BLUFF POLICE, DANIEL MOSES,
IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE,
PINE BLUFF POLICE, ARKANSAS DEPARTMENT OF
CORRECTIONS, SEX OFFENDERS ASSESSMENT
COMMITTEE AND SEX OFFENDER SCREENING
AND RISK ASSESSMENT, LARRY B. NORRIS,
IN HIS OFFICIAL CAPACITY AS DIRECTOR,
ARKANSAS DEPARTMENT OF CORRECTION,
and JOHN DOE 1, JOHN DOE 2 AND JOHN DOE 3

## COMPLAINT – CLASS ACTION

Plaintiffs, for themselves and all other members of the class described below, allege:

### JURISDICTION AND PARTIES

1.      The jurisdiction of this court arises under the Constitution of the United States, in

particular the provisions of Art. I, § 9, cl. 3, the Fifth, Sixth and Fourteenth Amendments,

28 U.S.C. § 1983, and the laws of the United States, in particular 28 U.S.C. § 1331.

2.      Plaintiff, Donald Weems, is now and has been at all times pertinent hereto a citizen

and resident of Little Rock, Pulaski County, Arkansas. Plaintiff, Michael Briggs, is now and has

been at all times pertinent hereto a citizen and resident of Pine Bluff, Jefferson County, Arkansas.

Plaintiff, Tony Allen Lampkin, is now and has been at all times pertinent hereto a citizen and

1



resident of White Hall, Jefferson County, Arkansas.

3.     The Little Rock Police Department and the Pine Bluff Police are the jurisdictional

agencies responsible for implementation and enforcement of Arkansas Acts of 2003, Act 330, § 3,

codified at Ark. Code Ann. § 5-14-128, effective date, July 16, 2003 (hereinafter, Act 330, § 3).

4.     The separate Defendant, Lawrence Johnson, is the Chief of Police of the Little

Rock Police Department and, in that official capacity, is responsible for the passage,

implementation and enforcement of regulations pertaining to Act 330, § 3, and is being sued

pursuant to 42 U.S.C. 1983 and Ark. Code Ann. §16-123-101, in COUNT V.

5.     The separate Defendant, Daniel Moses, is the Chief of Police of the Pine Bluff

Police and, in that official capacity, is responsible for the passage, implementation and

enforcement of regulations pertaining to Act 330, § 3, and is being sued pursuant to 42 U.S.C.

1983 and A.C.A. §16-123-101, in COUNT V.

6.     The separate Defendant, Arkansas Department of Corrections is the agency

primarily responsible for implementing Ark. Code Ann. §§12-12-901 thru 920 and §§12-12-1301

thru 1303, otherwise known as "The Sex and Child Offender Registration Act of 1997"

(hereinafter, Registration Act).

7.     The separate Defendant, Larry B. Norris, is the Director of the Arkansas

Department of Corrections and, in that official capacity is responsible for the passage,

implementation and enforcement of regulations pertaining to Sex Offender Screening Risk

Assessment and is being sued pursuant to 42 U.S.C. 1983 and A.C.A. §16-123-101, in COUNT

V.

8.     That the separate Defendant, the Sex Offenders Assessment Committee, was

2

created for the purpose of assisting the Department of Correction in promulgating rules and

regulations in insure the proper implementation of the above-referenced statutes.

9.      That the Separate Respondent, Sex Offender Screening and Risk Assessment,

hereinafter referred to as "SOSRA," is responsible for assessing, on a case by case basis, the

public risk posed by a sex offender for the purpose of public notification.

10.      John Does 1, 2 and 3 are such other officials as may be responsible for the

implementation and enforcement of the Registration Act and of Act 330, § 3, and are being sued

pursuant to 42 U.S.C. 1983 and A.C.A. §16-123-101, in COUNT V.

11.      The actions of the Defendants have been under color of law and constitute state

action for the purposes of the state and federal Civil Rights Acts.

12.      This Court has proper venue pursuant to 28 U.S.C. § 1391 as a substantial part of

the acts or omissions occurred herein.

## CLASS ACTION ALLEGATIONS

13.      This action is brought by Plaintiffs as a class action, on their own behalf and on

behalf of all others similarly situated, under the provisions of Rules 23(a) and 23(b)(2) of the

Federal Rules of Civil Procedure, for injunctive and declaratory relief, and relief incident and

subordinate to it, including costs and attorneys' fees.

14.      The class so represented by Plaintiffs in this action, and of which Plaintiffs are

themselves members, consists of the class of all sex offenders under the jurisdiction of the State of

Arkansas who are required to register and be assessed under the Registration Act and the subclass

of all members who have been assessed as a Level 3 or Level 4 offender and who are subject to

the residency restrictions contained in Act 330, § 3.

15.    The exact number of members of the class and subclass identified above is not known, but it is estimated that there are not less than one hundred (100) members of the class and subclass.  The number of members of the class and subclass is so numerous that joinder of individual members in this action is impracticable.

16.    There are common questions of law and fact involved in this action that affect the rights of each member of the class and subclass and the relief sought is common as follows: (1) as to the class as a whole – whether the Registration Act violates the due process clause of the Fourteenth Amendment to the United States Constitution by violating the members' liberty interest without due process and for being unconstitutionally vague and ambiguous, and (2) as to the subclass – whether Act 330, § 3, violates the class members' constitutional rights under Art. I, § 9, cl. 3, and the Fifth, Sixth and Fourteenth Amendments.

17.    The claims of Plaintiffs, who are representatives of the class and subclass are typical of the claims of the class and subclass, in that the claims of all members of the class and subclass, including Plaintiffs, depend on a showing of the acts of omissions of Defendant giving rise to the right of Plaintiffs to the relief sought.  There is no conflict as between any individual named Plaintiff and other members of the class or subclass with respect to this action, or with respect to the claims for relief set forth in this Complaint.

18.    The named Plaintiffs are the representative parties for the class, and are able to, and will, fairly and adequately protect the interests of the class.  The attorneys for Plaintiffs are experienced and capable in litigation in the field of civil rights litigation and have successfully represented claimants in other litigation of this nature.  Gregory T. Karber has represented various parties in civil rights actions, including class actions, for a period of approximately twenty-five

4

(25) years.  Of the attorneys designated as counsel for Plaintiffs, Gregory T. Karber and Robert

Kelly will actively conduct and be responsible for Plaintiff's case.

19.     This action is properly maintained as a class action inasmuch as the questions of

law and fact common to the members of the class and subclass predominate over any questions

affecting only individual members, and a class action is superior to other available methods for the

fair and efficient adjudication of the controversy.  In support of the above allegation, Plaintiffs

show as follows:

A.     Plaintiff, Donald Weems, was found guilty of indecent exposure on March

7, 2000, in Pulaski County, Arkansas, which is an offense for which the Plaintiff was

required to register as a sex offender and subject to certain requirements under the

Registration Act.

B.     Plaintiff, Michael Briggs, was found guilty of Rape, 1st degree, in Harford

County in the State of Maryland, Case Number 11342, which is an offense for which the

Plaintiff was required to register as a sex offender and subject to certain requirements

under the Registration Act.

C.     Plaintiff, Tony Allen Lampkin, entered a guilty plea in Jefferson County

case number CR-97-808-2 to sexual abuse, 1st degree, which is an offense for which the

Plaintiff was required to register as a sex offender and subject to certain requirements

under the Registration Act.

D.     That as a result, the Plaintiffs were required to undergo an assessment

pursuant to the Registration Act by the Sex Offender Assessment Committee and that the

Committee made a determination that the Plaintiffs should each be assigned a risk level of

3.

E.    On July 16, 2003, Act 330, § 3, went into effect making it "unlawful for a sex offender who is required to register under the Sex Offender Registration Act of 1997, § 12-12-901 et seq., and who has been assessed as a Level 3 or Level 4 offender to knowingly reside within two thousand feet (2,000') of the property on which any public or private elementary or secondary school or daycare facility is located." Violation of this statute is a Class D felony.

F.    Plaintiff Weems had established his residency in Little Rock, Pulaski County, Arkansas, after serving a one (1) year jail term, day-for-day, prior to the passage and effective date of Act 330, § 3.

G.    Plaintiff Weems received notice received notice from the Little Rock Police Department by letter dated February 28, 2004, that he was in violation of Act 330, § 3, and ordered to relocate with no time frame specified for his relocation. Notice is attached hereto and incorporated herein as Exhibit "A."

H.    Plaintiff Briggs had established his residency in his mother's home in Pine Bluff, Jefferson County, Arkansas, pursuant to an Interstate Compact between the State of Maryland and the State of Arkansas prior to the passage and effective date of Act 330, § 3.

I.    Plaintiff Briggs received notice on April 8, 2004, that he had thirty (30) days to relocate or be in violation of Act 330, § 3. Violation Notice is attached hereto and incorporated herein as Exhibit "B."

J.    Plaintiff Lampkin had established his residency in his mother's home in

6

White Hall, Jefferson County, Arkansas, pursuant to the guidance and approval of his

parole officer,  prior to the passage and effective date of Act 330, § 3.

      K.     Plaintiff Lampkin received notice on or about March 20, 2004, that he had

thirty (30) days to relocate or be in violation of Act 330, § 3.  Notice of Violation is

attached hereto and incorporated herein as Exhibit "C."

## COUNT I

20.     The Allegations set forth in paragraphs 1 through 19 are re-alleged and are

incorporated herein.

21.     The Arkansas Sex Offender Registry Act of 1997, codified at Ark. Code Ann. §§

12-12-901 thru 920 and §§ 12-12-1301 thru 1303, is contrary to the United States and Arkansas

Constitutions in that the Act violates the Plaintiffs' liberty interests by the absence of due process

at any stage through the implementation of a statutory and regulatory scheme that is

unconstitutionally void for vagueness.

## COUNT II

22.     The Allegations set forth in paragraphs 1 through 21 are re-alleged and are

incorporated herein.

23.     Arkansas Acts of 2003, Act 330, § 3, codified as Ark. Code Ann. § 5-14-128,

effective date, July 16, 2003, is contrary to the United States and Arkansas Constitutions in that

the Act deprives sex offenders assigned a risk assessment at Level 3 or Level 4 of equal

protection under the laws of the United States and the State of Arkansas by imposing restrictions

on their fundamental rights, which restrictions are not imposed on sex offenders assigned a risk

assessment at Level 1 or Level 2.

## COUNT III

24.     The Allegations set forth in paragraphs 1 through 21 re-alleged and are incorporated herein.

25.     Act 330, § 3, codified is contrary to the United States and Arkansas Constitutions in that the Act impermissibly restricts the Plaintiffs' fundamental liberty interests.

## COUNT IV

26.     The Allegations set forth in paragraphs 1 through 25 are re-alleged and are incorporated herein.

27.     Act 330, § 3,, effective date, July 16, 2003, is contrary to the United States and Arkansas Constitutions in that the Act impermissibly deprives the Plaintiffs of fundamental liberty interests without sufficient notice and without any meaningful opportunity to be heard.

## COUNT V

28.     The Allegations set forth in paragraphs 1 through 27 are re-alleged and are incorporated herein.

29.     Act 330, § 3, is contrary to the United States and Arkansas Constitutions in that the enactment, implementation and application of the Act against the Plaintiffs ex post facto.

## COUNT VI

30.     The allegations set forth in paragraphs 1 through 27 are re-alleged and incorporated herein.

31.     In addition to declaring that the statutes and regulations set forth herein violate various constitutional provisions, this Court should also temporarily restrain, preliminarily and permanently enjoin their enforcement; award attorney's fees allowed by 42 U.S.C. § 1988 and

8

Arkansas statutes; award each Petitioner such general and special damages as may be proved.

**WHEREFORE,** Plaintiffs request, for themselves and all other members of the class:

1. That the rights of the class members and subclass members to temporary,

preliminary and permanent relief as set forth herein and to declaratory judgment as set forth herein

be adjudicated and declared;

2. That Defendants be permanently restrained and enjoined from implementing and

enforcing Arkansas Acts of 2003, Act 330, § 3, codified as Ark. Code Ann. § 5-14-128;

3. That Plaintiffs be awarded attorneys' fees in accordance with 28 U.S.C. § 1988;

4. That Plaintiffs have such other and further relief as the Court deems appropriate,

including costs and expenses.

Respectfully submitted,

Don Weems, Michael Briggs, and Tony Allen
Lampkin, Plaintiffs

PRYOR, ROBERTSON & BARRY, PLLC
Attorneys at Law
315 North Seventh Street
Post Office Drawer 848
Fort Smith, AR 72902-0848
(479) 782-8813

By:_____
Gregory T. Karber
Arkansas Bar No. 79110

By:_____
Robert D. Kelly
Arkansas Bar No. 2002145

Attorneys for Plaintiffs



**LITTLE ROCK POLICE DEPARTMENT**
*700 WEST MARKHAM*
*LITTLE ROCK, ARKANSAS 72201-1329*

Lawrence Johnson
Chief of Police



*(501)-371-4605*
*Fax (501)-371-4892*

Sex and Child Offender Registrant:

Date: 02-28-04

In July 2003 the Arkansas State Legislature passed a law restricting the areas where Sex or Child Offenders may live.  Arkansas Criminal Law (5-14-128) states that a level 3 or 4 Sex Offender may not reside within two thousand feet (2000 ft.) of the property on which any public or private elementary, secondary school, or daycare facility is located.  There are two exceptions, if you owned the property prior to the school or daycare being established or if you owned the property prior to July 16, 2003.

The Sex Offender Registration section of the Little Rock Police Department has been auditing their records and has found that you are in violation of this statute. You must contact Detective J. Hurd at 399-3495 or Sgt. V. Williams at 918-5262 with the Juvenile Investigations Unit located at 700 W. Markham to make arrangements to correct this violation.

If you do not respond to this notification a warrant may be issued for your arrest for noncompliance with this statute.

*371-4757*

Lawrence Johnson

Chief of Police

By:

Captain Tom Bartsch

Detective Division Commander

*371-2660*

*371-4660*
*371-4829*
*682-7415*
*ACIC*
*ADULT*
*STIS*

EXHIBIT
"A"
COMPLAINT

# VIOLATION NOTICE

DATE:        April 6, 2004

TO:          Michael Briggs, PID# 119524

FROM:        Tonya Lemons, PPO II


This violation notice is to inform you that you are currently in violation of Arkansas Code 12-12-913. Having been assessed as a Class 3 or above sex offender, your current residence location is in violation of Arkansas Code 12-12-913 and DCC Guide Lines as stated in FSM 3-08 (a).

Effective this date, you are directed to relocate, with approval of your supervising officer, to a residence that is in compliance with Arkansas Code 12-12-913 and DCC FSM 3-08 (a).

Your relocation **MUST** be completed within 30 days of date of this notice. Failure to relocate to an acceptable residence will result in violation action being addressed.


By signing below, I acknowledge receipt of this NOTICE OF VIOLATION.


*Michael S. Briggs*                    4-8-04
Signature                              Date

*Tonya Lemons*                         4-8-04
Witness                                Date


EXHIBIT
"B"
COMPLAINT

# PINE BLUFF POLICE
# DETECTIVE DIVISION
## 200 EAST 8TH AVE.
## PINE BLUFF, ARKANSAS
## (870) 543-5169/543-5111

**D. Moses**
Chief of Police

## NOTICE OF VIOLATION
## ARKANSAS CODE 12-12-913
## April 1, 2004

This violation notice is to inform you that you are currently in violation of Arkansas Code 12-12-913. Having been assessed as a Level 3 or above sexual offender, your current residence location is in violation of Arkansas Code 12-12-913, which states:

### Arkansas Code 12-12-913
**As of September 1, 2003**

- It shall be unlawful for a sex offender who is required to register under the **Sex Offender Registration Act of 1997, 12-12-901** and who has been assessed as a Level 3 or Level 4 offender to reside within two thousand (2,000) feet of the property on which any public or private elementary or secondary school or daycare facility is located.
- It shall not be a violation of this section if the property on which the sex offender resides is owned and occupied by the offender and was purchased prior to the date in which the school or daycare center was established.
- A sex offender who is required to register under the Sex Offender Registration Act of 1997, 12-12-901 and who knowingly violates the provision of this section shall be guilty of a Class D felony.

A copy of this law is enclosed for your interested. If you have any further questions please feel free to contact me Monday – Friday from 8:00 a.m until 4:00 p.m.

Sincerely,

Charlina Lacy
Sex Crimes Coordinator

Enclosure

/cl

Received 4-8-4

# PINE BLUFF POLICE
# DETECTIVE DIVISION
### 200 EAST 8TH AVE.
### PINE BLUFF, ARKANSAS
### (870) 543-5169/543-5111

**D. Moses**
**Chief of Police**

# NOTICE OF VIOLATION
# ARKANSAS CODE 12-12-913
### April 1, 2004

This violation notice is to inform you that you are currently in violation of Arkansas Code 12-12-913. Having been assessed as a Level 3 or above sexual offender, your current residence location is in violation of Arkansas Code 12-12-913, which states:

### Arkansas Code 12-12-913

**As of September 1, 2003**

- It shall be unlawful for a sex offender who is required to register under the Sex Offender Registration Act of 1997, 12-12-901 and who has been assessed as a Level 3 or Level 4 offender to reside within two thousand (2,000) feet of the property on which any public or private elementary or secondary school or daycare facility is located.
- It shall not be a violation of this section if the property on which the sex offender resides is owned and occupied by the offender and was purchased prior to the date in which the school or day care center was established.
- A sex offender who is required to register under the Sex Offender Registration Act of 1997, 12-12-901 and who knowingly violates the provision of this section shall be guilty of a Class D felony.

A copy of this law is enclosed for your interested. If you have any further questions please feel free to contact me Monday – Friday from 8:00 a.m until 4:00 p.m.

Sincerely,

Charlina Lacy
Sex Crimes Coordinator

Enclosure

/cl


EXHIBIT
"C"